IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

      Plaintiff,                        No. CIV S-06-0157 LKK GGH P

    vs.

S. KERNAN, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $7.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Named as defendants are S. Kernan, L. Johnson, B. Miller, J. Nunez, J. Salter, B.

Russell, D. Hamad, L. Johnson-Dovey, D. Wheeler, M. Lea, D. Baughman and S. Davey. Plaintiff's complaint is divided into five claims which the court will separately address.

In claim one, plaintiff alleges that in mid-December 2004 the California State Prison-Sacramento mailroom received a letter addressed to plaintiff from his sister. This letter was not delivered to plaintiff until February 11, 2005. An isolated incident of delay in the delivery of mail does not state a colorable First Amendment claim. See Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987). Accordingly, plaintiff's First Amendment claim is dismissed.

Plaintiff also alleges that the delay in the delivery of the letter was in retaliation for his filing other lawsuits against prison officials.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)(citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

Other than his conclusory assertion, plaintiff has pled no facts demonstrating that the delay in the delivery of the letter from his sister was motivated by retaliation. Accordingly, this claim is dismissed.

In claim two, plaintiff challenges a policy requiring him to leave his legal documents with the law librarian for photocopying. Plaintiff alleges that this policy violates his

3

1  right of access to the courts.  To state a colorable claim for violation of the right to access the
2  courts, a prisoner must allege that he suffered an actual injury.  Lewis v. Casey, 518 U.S. 343,
3  353-55, 116 S.Ct. 2174 (1996).  Plaintiff alleges no actual injury in connection with the policy
4  that he submit his legal documents to the law librarian for photocopying.  Plaintiff does not
5  allege, for example, that any criminal or civil rights action has been dismissed as a result of this
6  policy.  Accordingly, this claim is dismissed.

7  In claim three, plaintiff alleges that his right to access the courts was interfered
8  with in retaliation for his legal activities.  Plaintiff alleges that on June 27, 2005, he went to the
9  law library to pick up photocopies of documents he had prepared for a case filed in Fresno
10  County Superior Court.  Plaintiff alleges that defendant Russell, the law librarian, read the
11  documents and saw that plaintiff made references to the Department Operations Manual (DOM).
12  Defendant Russell refused to give plaintiff his copies of the DOM because she had been told by
13  her supervisor, defendant Salter, not to give plaintiff copies of the DOM Supplement Section
14  14010.21.2.  On June 28, 2005, plaintiff filed an inmate appeal regarding the denial of the copies
15  of the DOM.  Defendant Johnson-Dovey responded to the appeal.

16  Plaintiff alleges no actual injury regarding defendants' failure to make copies of
17  the DOM section.  Plaintiff does not allege, for example, that he was unable to communicate
18  with the courts or that an action was dismissed as a result of his inability to obtain this copy.
19  Accordingly, plaintiff's access to the courts claim is dismissed.

20  Plaintiff also alleges that defendants were motivated by retaliation when they
21  refused to make the copy.  Other than his conclusory assertion, plaintiff has pled no facts
22  demonstrating that the refusal to copy the DOM section was motivated by retaliation.
23  Accordingly, this claim is dismissed.

24  In claim four, plaintiff alleges defendants interfered with his right to confidential
25  communication.  In particular, plaintiff alleges that on three occasions mail addressed to him
26  from the courts was opened outside of his presence.  Mail from the courts is not legal mail.  See

4

Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), as amended, 135 F.3d 1318 (9th Cir. 1998). Therefore, the opening of plaintiff's mail addressed to him from courts outside of his presence does not state a colorable claim.

Plaintiff also alleges that on September 20, 2005, he received a letter addressed to him from his attorney which was opened outside of his presence. While a letter to plaintiff from his attorney is legal mail, the inadvertent opening of legal mail outside of an inmate's presence is not an actionable constitutional violation. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989). Plaintiff does not allege that his legal mail addressed to him was opened on more than this one occasion or that it was intentional. Accordingly, the court finds that the opening of this mail was inadvertent. For these reasons, this claim is dismissed.

Finally, plaintiff alleges a claim for libel and defamation. Plaintiff alleges that on June 8, 2005, a fight occurred on the B Facility yard where plaintiff was housed. The fight involved members of the Crips gang. Plaintiff alleges that defendant Lea issued a memorandum stating that all Crip members would be on modified lockdown. This memorandum falsely identified plaintiff as a Crip. Plaintiff alleges that as a result of being labeled a Crip, plaintiff was unable to go to work.

A claim for defamation does not rise to a constitutional violation. Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986). Moreover, inmates have no right to a prison job. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); Baumann v. Arizona, 754 F.2d 841, 846 (9th Cir. 1985). Accordingly, this claim is dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed with thirty days to file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action.

DATED: 4/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
fin157.b1